CHRISTMAN *v.* CHRISTMAN.

[66 South. 285.]

1. WILLS. *Construction. Advancements. Equalizing shares. Executors and administrators. Distribution of estate. Adjusting equities between legatees.*

Where a will gave a legacy of eight hundred dollars to each of the two daughters of the testatrix, and after reciting that the son L. had received an advancement of three thousand dollars and was indebted to the testatrix in the sum of fourteen hundred dollars, evidenced by a note, provided that he should pay this note, or so much as was necessary to make his share equal to the share of another son P. it being recited that it was the wish of the

testatrix that L. should receive no more than the advancement, unless his share thus ascertained amounted to more than three thousand dollars; and the residuary estate was given to the two daughters and P., in equal shares, with a provision that if P.'s share amounted to more than three thousand dollars, the excess should be credited on the note, and L. required to pay so much of the note as would make his share and P.'s equal; and a codicil provided that the homestead should be kept and occupied as such, so long as any unmarried child desired to occupy it. It was error to treat the amount due on the note as a part of the residuary estate to be divided between the daughters and P., as this amount was to be used only for the purpose of equalizing the shares of the sons, and where P.'s share with such amount was less than three thousand dollars, he was entitled to the entire amount due on the note, as while the testatrix intended to make the share of the daughters equal and the shares of the sons equal, if this could be done without repayment of the advancement, there was no intention to make the share of the sons and the shares of the daughters equal to each other.

2. SAME.

It was not the intention of the testatrix that L. should pay any interest on the note accruing prior to her death, in the settlement between him and his brother P.

3. SAME.

In arriving at the value of P.'s share of the estate, so that it might be determined whether or not his share equaled that of his brother L., one-third of the value of the homestead was properly included in the value of P.'s share, since the codicil did not eliminate the homestead from calculation but simply postponed the time for partitioning the homestead without the consent of all the devisees.

4. EXECUTORS AND ADMINISTRATORS. *Distribution of estate. Adjusting equities between legatees.*

In making a distribution of the estate under the will, the court should not have summarily ordered payment to a daughter of the testatrix, of the distributive share to which a son was entitled in settlement, of an amount to which the daughter was entitled, as devisee, under the will of her grandmother, which amount had been collected by the son as executor of his grandmother's will and not paid over, but should have left this matter for adjustment in the court in which the administration of the grandmother's estate was pending, or in a suit filed for that purpose.

APPEAL from the chancery court of Monroe county.
HON. J. Q. ROBINS, Chancellor.

Proceeding to distribute the estate of Mrs. Barbara Christman. From a decree construing the will of the decedent, approving the final account of the executrix, and directing distribution, Phillip Christman appeals.

The facts are fully stated in the opinion of the court.

*Holcomb & Draughn* and *Percy L. Clifton,* for appellant.

*Wiley H. Clifton,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree construing the will of Mrs. Barbara Christman, deceased, and approving the final account of the executrix, and directing a distribution of the estate. This will is as follows:

"Art. 1: I desire all my just debts first paid and a legacy of eight hundred dollars each paid my daughters, Beatrice and Barbara, which shall be a charge upon my entire estate, real and personal.

"Art. II: My son Louis having already been given about three thousand dollars, is to be charged with this amount as an advancement; and Louis being also indebted to me in sum of one housand, four hundred dollars, evidenced by his note, will pay this note or so much of it as necessary to make his share equal to the share of his brother, Phillip. It being my wish that my son Louis receive no more than the advancement made him unless his share thus ascertained should amount to more than three thousand dollars.

"Art. III: In addition to the legacy of eight hundred dollars each to be paid my daughters I will and bequeath to Beatrice and Barbara the piano; and Beatrice and Barbara all my household furniture, silver, linen, etc.; It being left with them to give to my sons such of the furniture, etc., as they may not need or want.

"Art. IV: After these special legacies and devise have been taken out of the *corpus* of my estate and paid, I will and bequeath all of my property real and personal to my two daughters Beatrice and Barbara and my son Phillip in equal parts share and share alike; and if Phillip's share amounts to more than three thousand dollars, the excess over three thousand dollars will be credited on this note and Louis will only be required to pay so much of his note as will make his and Phillip's share equal."

Afterwards the testator executed the following codicil:

"I, Barbara Christman, do now make and publish this codicil to my last will and testament.

"I desire that the residence and homestead in Aberdeen be kept as a homestead and occupied by the unmarried children as such as long as either of the children while unmarried desire to occupy it as such, or use it. I nominate and appoint my sons Louis and Phillip Christman executor of this will and testament instead of my mother. And in case of my death that Louis and Phillip Christman be appointed guardian of Beatrice and Barbara.

"In witness whereof I have signed and published this codicil to my will and testament in presence of the subscribing witnesses, and each of the witnesses have attested my signature in my presence and in the presence of each other, this January 24, 1912. The erasures made before signing."

The note of Louis mentioned in this will, together with interest thereon, was collected by the executors, and there remained in their hands for distribution, including the amount collected on this note, four thousand, two hundred and two dollars and fifty-one cents. Out of this amount the executors were directed to—

"pay to Louis Christman, guardian of Beatrice Christman, the legacy of eight hundred dollars, as provided by

the will, and to Louis Christman, guardian of Barbara
Christman, the legacy of eight hundred dollars, as pro-
vided by the will, and to the said guardian for each 'one
of his wards one-third of the remainder, which remaind-
er is the amount left over for distribution, two thousand,
six hundred and two dollars and fifty-one cents, as devi-
sees under the will, the sum to be paid to Beatrice eight
hundred, sixty-seven dollars and fifty cents, and
the sum to be paid for Barbara being eight
hundred, sixty-seven dollars and fifty cents. And
it appearing to the satisfaction of the court that
Phil Christman, the other devisee under the will, had al-
ready been paid four hundred and twenty-five dollars on
his said distributive share with which he has not yet been
charged, he will only be paid the balance of his one-
third share of said moneys, or four hundred, forty-two
dollars and fifty cents, which would make his distributive
share eight hundred, sixty-seven dollars and fifty cents.''

Phillip, being dissatisfied with this decree, appeals to
this court, claiming that the money collected by the exe-
cutors on Louis' note should not have been included in
the money directed to be divided among himself, Bar-
bara, and Beatrice, but that all of the money so collected
should have been paid to him.

In order to understand exactly what disposition the
testatrix intended to make of her estate, it will be neces-
sary for us to examine this will in detail.

From the will, viewed as a whole, it is clear: (1) That
the testatrix intended absolutely that the shares of Beat-
rice and Barbara should each equal that of the other;
(2) that she did not intend to preserve the equality of
shares as between Louis and Phillip on the one side, and
Beatrice and Barbara on the other. From article II it
is clear that she contemplated: (1) That Louis should
not be called on to pay any part of the three thousand
dollars advanced to him by her; (2) that he should not
be called upon to pay any part of his note for one thou-

sand, four hundred dollars, unless it should become necessary for him to do so in order to make his and his brother Phillip's share equal; (3) that Louis' share in her estate should be the three thousand dollars advanced to him, plus whatever portion of his note for one thousand, four hundred dollars he should not be called upon to pay. From article IV it is clear that Louis' note is not to be included in the property therein devised to Phillip, Beatrice, and Barbara, for it is therein expressly provided that:

"If Phillip's share (meaning of course, in the property therein devised) amounts to more than three thousand dollars, the excess over three thousand dollars will be credited on this note, and Louis will only be required to pay so much of his note as will make his and Phillip's share equal."

If this note is to be collected and divided among Phillip, Beatrice, and Barbara, then this provision of the will will be meaningless, for the reason that when this division has been made there will be then no such note in existence on which to credit the excess that Phillip may receive over three thousand dollars, or which Louis may then be called on to pay in part. This provision of the will simply means that in event Phillip should receive more than three thousand dollars in the distribution with his sisters, the excess received by him over three thousand dollars shall be set off against Louis' note; and if the amount of this set-off be less than the amount of the note, it shall be deducted therefrom, and the remainder be then divided between Louis and Phillip. In other words, that Louis shall then be required to pay his brother Phillip one-half of the amount that his note exceeds Phillip's excess over three thousand dollars in the division with his sisters, and demonstrates that she intended this note to be used as a means of equalizing Louis' and Phillip's shares. It is clear from articles II and IV, when construed together, that the tes-

tatrix intended that Phillip's share in the estate should not be less than that of Louis, provided this intention can be carried out without Louis being called upon to pay any part of the three thousand dollars advanced to him.

It follows from the foregoing that the court below erred in treating Louis' note as a part of the residuum of the testatrix's estate to be divided among Phillip and Beatrice and Barbara, under the provisions of article IV, instead of using it as a means of equalizing, as far as possible, the shares of Louis and Phillip. To illustrate: If Phillip's share in this distribution should be three thousand dollars, the note should be divided equally between him and Louis, making each of their shares three thousand, seven hundred dollars. If his share in this distribution should be one thousand, six-hundred dollars, then the whole of the note should be paid to him, for then their shares will each be three thousand dollars. If his share in this distribution should be one thousand dollars, the whole of the note should be paid to him, making his share two thousand, four hundred dollars, and that of Louis' three thousand dollars. In that event their shares will, of course, be unequal, but as hereinbefore stated, the will does not contemplate their being made equal, if in order for this to be done it is necessary for Louis to be called on to pay any part of the three thousand dollars advanced to him.

In this illustration we have not taken into consideration the interest collected by the executors on Louis' note. It is hardly possible that the testatrix meant for him to pay any interest on this note which accrued prior to her death, in the settlement between him and his brother Phillip. Had the testatrix lived for a sufficient number of years after making the will, and Phillip should then have received only a small amount in the distribution with his sisters, Louis would then obtain no benefit from the provision that he should not be called upon to refund any of the three thousand dollars which would have been

advanced to him. What the testatrix evidently meant was that she had given Louis three thousand dollars absolutely, and another one thousand, four hundred dollars conditioned upon Phillip's share in her estate being four thousand, four hundred dollars, and in event it should be less than four thousand, four hundred dollars, Louis should be called upon to refund so much of the one thousand four hundred dollar note as would equalize their shares.

In arriving at the value of Phillip's distributive share of the estate so that it might be determined whether or not his share equaled that of his brother Louis, the court valued the homestead and added one-third of this value to the amount to be received by him from the money in the hands of the executors. The appellant contends that this should not have been done, but that under the codicil the homestead was eliminated from this calculation, and that the amount of Phillip's share in the settlement with Louis should be determined without reference to the homestead. There is no merit in this contention. The codicil simply postponed the time when this homestead could be partitioned without the consent of all the devisees.

The decree appealed from, among other things, provides that:

"It appearing further to the satisfaction of the court that the minor distributees and wards herein, Beatrice and Barbara Christman, were entitled each to a legacy under their grandmother's will, Mrs. Dorries, and that Barbara Christman, as devisee under said will, was entitled to one, half of the rents from the real estate, all which it was the duty of the guardian, Louis Christman, to collect, and it appearing further that Phil Christman was the executor of his grandmother's will, without bond, and had collected of rents due said ward, Barbara Christman, more than the said sum of four hundred, forty-two dollars and fifty cents due him by the estate of his moth-

er, the late Barbara Christman, and demand had been made of him by the guardian, Louis Christman, to pay over said rents and had been refused on the plea that he, Phil Christman, would account for said rents through the chancery court of Hinds county, where the late Mrs. Dorries' will is probated, it is therefore ordered and decreed that this amount of four hundred, forty-two dollars and fifty cents, so due Phil Christman as his final distributive share in this estate, be paid over by said executors to Louis Christman, guardian of Barbara Christman, to be held by said guardian and accounted for in settlement of said rents collected by Phil Christman, and that said First National Bank of Aberdeen, when said fund is shown to be on deposit, is directed to pay said fund herein directed on check of Louis Christman, who is directed to make the distribution, and the distribution is directed to be made forthwith unless said *supersedeas* appeal bond is made.''

This order should not have been made. If Phillip is due Barbara Christman anything as executor of his grandmother's will, it should be recovered from him either in the court in which the administration is now pending, or in a proper suit filed for that purpose. The matter cannot be summarily disposed of, as was attempted to be done by this decree.

*Reversed and remanded.*